PUBLIC SERVICE COMMISSION, SECOND DISTRICT, Respondent, *v*. INTERNATIONAL RAILWAY COMPANY, Appellant.

Fourth Department, October 12, 1918.

**Public service corporations — obligation of street railway company under contract with city specifying rate of fare — when not relieved from duty to public.**

The mere fact that a street railway company, which has voluntarily contracted with a city to render service at a certain rate, cannot operate its railway at such rate without loss, is not a sufficient answer for its failure to discharge its duty to the public, which constitutes a property right.

Contracts of public service corporations in regard to relief from obligation thereunder stand on the same footing as those of individuals.

The mere fact that the employees of a street railway company demand wages which it regards as excessive does not relieve it from its duty under contract with a city voluntarily assumed, nor does it furnish a legal justification for its failure to fulfill its obligation, because its rate of fare is inadequate to enable it to receive a fair return on its investment, and its bondholders are in no better position in this regard than its stockholders.

LAMBERT and DE ANGELIS, JJ., dissented.

APPEAL by the defendant, International Railway Company, from an order of the Supreme Court, made at the Erie Special Term and entered in the office of the clerk of the county of Erie on the 9th day of October, 1918, directing the issuance of a peremptory writ of mandamus.

*Henry W. Killeen, Daniel J. Kenefick* and *Louis L. Babcock,* for the appellant.

*Ledyard P. Hale* and *George E. Pierce,* for the respondent.

KRUSE, P. J.:

We are of the opinion that upon the pleadings and such of the facts as are undisputed the Special Term was justified in directing judgment against the defendant. The mere fact that the defendant cannot operate its railway at the present rate of fare without loss is no sufficient answer for its failure to discharge its duty to the public. The rule against confiscation has no application here. This is not a case where the rate of fare is fixed and imposed by the Legislature directly or by a public body acting under legislative authority. The right of the public within the city of Buffalo to a five-cent fare is a property right. (*Matter of International R. Co. v. Rann,* 224 N. Y. 83.) It arises out of a contract obligation voluntarily assumed by defendant and we are aware of no law which will relieve the defendant from this obligation unless it is modified or abrogated by some lawful means. Contracts of public service corporations in that regard stand on the same footing as those of individuals. The defendant has obtained and is now in possession of valuable public rights and so long as it holds them it must fulfill its obligation. The mere fact that its employees demand wages which it regards as excessive does not relieve it from that duty nor does it furnish a legal

justification for its failure to fulfill its obligation because its rate of fare is inadequate to enable it to receive a fair return on its investment, and its bondholders are in no better position in that regard than its stockholders.

The judgment or order directing a writ of mandamus to issue should be affirmed.

All concurred, except LAMBERT and DE ANGELIS, JJ., who dissented and voted for reversal.

Order affirmed.